UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Sandra Herrera, | Case No.: 2:23-cv-01397-JAD-BNW |
| Plaintiff | |
| v. | **Order Granting in Part and Denying in Part Motion to Dismiss** |
| Florence McClure Women's Correctional Center Facility, et al., | [ECF No. 12] |
| Defendants | |

Plaintiff Sandra Herrera sues the Florence McClure Women's Correctional Center Facility (FMWCC), the Nevada Department of Corrections (NDOC), and various FMWCC administrative and nursing staff for their improper handling of her medical issues while she was incarcerated at the FMWCC. The defendants move to dismiss the bulk of her claims as time-barred, insufficient, barred by the Eleventh Amendment, or targeting the wrong defendants. Counseled Herrera opposes only the dismissal of her Eighth Amendment deliberative-indifference-to-serious-medical-needs claim regarding hernia treatment, arguing that the claim accrued later than the defendants contend, bringing it within Nevada's two-year statute of limitations. I deny the defendants' motion to dismiss Herrera's Eighth Amendment claim because it was timely filed, but I grant it in all other respects. So this case proceeds only on Herrera's Eighth Amendment medical-needs claim against Timothy Calumpong, Betty S. Omandac, Ella Cordovez, and Gabriela Najera.

**Background**[1]

In May 2020, Herrera began experiencing "extreme pain, complications with bowel movements, and severe discomfort."[2] Thirteen months later, after a year of kites and verbal requests for medical care, FMWCC finally sent her to get an ultrasound and a focal mass" in her abdomen and an enlarged liver were discovered.[3] Herrera was taken to a radiologist for a CT scan, and they diagnosed her with a hernia.[4] Within two months, Herrera began filing grievances and inmate-request forms, reporting that her symptoms were getting worse, the hernia was growing, and it was "becoming harder to push [it] back in."[5] She describes being in constant pain, and she repeatedly asked for surgery.[6] In August 2022, more than a year after her diagnosis, she initiated a "man down" to request emergency medical attention[7] and was finally transported to a hospital where she underwent emergency surgery.[8]

Herrera, represented by counsel, sues FMWCC, NDOC, and medical and administrative staff at FMWCC for violating her Eighth and Fourteenth Amendment rights to adequate medical care, and she adds state-law claims for negligence; gross negligence; professional negligence; neglect of a vulnerable person; and negligent hiring, training, and supervision.[9] The defendants move to dismiss Herrera's Eighth Amendment hernia-related claim because she filed it too late,

---

[1] These facts are taken from Hererra's complaint (ECF No. 1) and are not intended as findings of fact.
[2] ECF No. 1 at ¶ 22.
[3] *Id.* at ¶ 24.
[4] *Id.* at ¶ 25.
[5] *Id.* at ¶¶ 26–36.
[6] *Id.* at ¶¶ 32, 34.
[7] *Id.* at ¶ 36.
[8] *Id.* at ¶¶ 38–39.
[9] *Id.* at 9–18.

her Fourteenth Amendment claim for failure to state a claim under Federal Rule of Civil Procedure (FRCP) 12(b)(6), and her state-law claims based on sovereign immunity.[10] They also move to dismiss all claims against FMWCC and NDOC because these entities are not defendants capable of being sued, and the claims against FWMCC Medical Director Michael Minev and NDOC Director Charles Daniels for lack of personal involvement in Herrera's allegations.[11] And while Herrera's claims are also based on poor care related to an abnormal pap-smear and cervical-cancer risks,[12] the defendants don't challenge the timeliness or propriety of her Eighth Amendment claim to the extent it is based on that medical issue.

Herrera does not oppose the dismissal of the claims against FMWCC, Minev, or Daniels; her Fourteenth Amendment claim; or her state-law claims.[13] But she does argue that her Eighth Amendment hernia-related claim is not barred by Nevada's two-year statute of limitations because it began accruing only once she received her emergency hernia surgery in August 2022.[14] The defendants note that Herrera introduced new facts in her response to their motion to dismiss that are not alleged in the complaint, and they ask the court to disregard them and grant their motion in its entirety.

## Discussion

Federal pleading standards require a plaintiff to include in her complaint enough factual detail to "state a claim to relief that is plausible on its face."[15] This "demands more than an

---

[10] ECF No. 12.
[11] *Id.*
[12] ECF No. 1 at ¶¶ 44–53.
[13] ECF No. 13.
[14] *Id.*
[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3

unadorned, the-defendant-unlawfully-harmed-me accusation";[16] plaintiffs must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[17] A complaint that fails to meet this standard must be dismissed.[18] A claim may also be dismissed as untimely on an FRCP 12(b)(6) motion "only when the running of the statute of limitations is apparent on the face of the complaint."[19]

**A.     The court will disregard new facts raised in Herrera's response to the defendants' motion to dismiss.**

In the defendants' reply brief, they contend that the court should strike the new facts that Herrera included in her response but omitted from her complaint.[20] A plaintiff "may not amend [her] allegations through facts raised in opposition to a motion to dismiss."[21] If Herrera would like to amend her complaint to include the new facts that she references in her response brief, she must file a proper motion for leave to amend. For purposes of the defendants' motion to dismiss, I consider only the facts alleged in her complaint.

---

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[17] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[18] *Id.* at 570.

[19] *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010)).

[20] ECF No. 14 at 2.

[21] *King v. Navy Fed. Credit Union*, 2023 WL 8250482, at *4 (C.D. Cal. Oct. 19, 2023) (citing *A.C.C.S. v. Nielsen*, 2019 WL 7841860, at *7 (C.D. Cal. Sept. 17, 2019) (describing as "well-settled" the principle that a plaintiff may not amend the complaint through statements made in an opposition brief); *see also Cyph, Inc. v. Zoom Video Commc'ns, Inc.*, 642 F. Supp. 3d 1034, 1043 (N.D. Cal. 2022) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D.Cal. 2014)).

### B. Herrera's Eighth Amendment hernia claim is not barred by Nevada's two-year statute of limitations.

The defendants move to dismiss Herrera's Eighth Amendment claim, arguing that she knew about her injury on June 23, 2021, when she received the ultrasound results, so the latest date that she could bring a claim relating to this injury was June 23, 2023.[22] Herrera counters that her injury arose after she experienced prolonged discomfort and pain and her medical needs were ignored.[23] She asserts that her Eighth Amendment claim didn't begin to accrue until she was taken to the hospital for emergency surgery on August 15, 2022.[24]

Federal courts borrow state personal-injury statutes of limitation and tolling rules for § 1983 actions, "except to the extent any of these laws [are] inconsistent with federal law."[25] The personal-injury statute of limitations in Nevada is two years.[26] Federal law supplies the rule for determining when that statutory period gets triggered.[27] The Ninth Circuit has held that a § 1983 deliberate-indifference claim begins accruing when the plaintiff "knew or had reason to know of the [prison] employees' deliberate indifference to [her] medical needs."[28]

That trigger is not necessarily the diagnosis itself; rather it can be the lack of care in response to or despite a diagnosis. The Ninth Circuit's opinion in *TwoRivers v. Lewis* illustrates this principle. In *TwoRivers*, an inmate had surgery to remove a cancerous growth while he was

---

[22] ECF No. 12 at 4.
[23] ECF No. 13 at 3.
[24] *Id.*
[25] *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).
[26] Nev. Rev. Stat. § 11.190.
[27] *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).
[28] *Id.* at 991–92.

5

incarcerated in a Tucson prison.[29] He developed an infection from the surgery and was transferred to a hospital and then to another prison to undergo treatment.[30] Eventually he was transferred back to the Tucson prison after completing treatment.[31] The Ninth Circuit found that the inmate's claim began accruing on "the date [that he was] transfer[ed] back to the Tucson complex after receiving the alleged improper medical care"[32] because his injury was not the surgery itself but the lack of post-operative care that formed the basis of his claim.

Similarly, Herrera's alleged injury is not the hernia itself but the suffering she allegedly endured from care she received—or failed to receive—after the hernia diagnosis. Herrera alleges that she began filing grievances about her lack of adequate care on September 13, 2021, reporting to prison administration that "she felt as though her Eighth Amendment rights had been violated."[33] She asked whether she had been approved for hernia surgery a week later on September 21, 2021, and continued to pursue that request over the next year until she was ultimately "rushed into emergency surgery for Ventral hernia" on August 15, 2022.[34] Based on these allegations, the earliest Herrera's deliberate-indifference hernia claim ripened was September 13, 2021. Because she filed this complaint on September 7, 2023, within two years of the claim's accrual, it is timely. So I deny the motion to dismiss it as untimely.

---

[29] *Id.* at 990.
[30] *Id.*
[31] *Id.*
[32] *Id.* at 992.
[33] ECF No. 1 at ¶ 26.
[34] *Id*. at ¶¶ 27–39.

**C.     Herrera's Fourteenth Amendment claim fails because her right to adequate medical treatment arises only under the Eighth Amendment.**

Herrera also asserts a deliberate-medical-care claim under the Fourteenth Amendment's substantive-due-process clause.[35] The defendants move to dismiss that claim under FRCP 12(b)(6), arguing that Fourteenth Amendment medical-care claims are reserved for pretrial detainees. While all "individuals in state custody have a constitutional right to adequate medical care," for inmates "serving custodial sentences following a criminal conviction" that right is grounded in the "Eighth Amendment's guarantee against cruel and unusual punishment."[36] But for "pretrial detainees [who] have not yet been convicted of a crime and therefore are not subject to punishment by the state," that right arises under the Fourteenth Amendment's due-process clause.[37] Because Herrerra was serving a state custodial sentence at FMWCC and was not a pretrial detainee when the events she alleges in her complaint occurred, her medical-care claim arises under the Eighth Amendment, not the Fourteenth Amendment. So I grant the defendants' motion and dismiss Herrera's Fourteenth Amendment claim with prejudice on this basis.

**D.     Herrera's state-law tort claims are dismissed without prejudice to her ability to refile them in state court.**

The defendants move to dismiss Herrera's state-law claims, arguing that Nevada Revised Statute (NRS) 41.0337(1) and the Eleventh Amendment preclude her from bringing those claims in federal court.[38] NRS 41.0337(1) requires a plaintiff to name the State of Nevada as a defendant in any "tort action arising out of an act or omission within the scope of a person's

---

[35] *Id.* at 13.

[36] *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021).

[37] *Id.*

[38] ECF No. 12 at 6.

7

public duties or employment," making the state an indispensable party to state-law tort claims.[39] And Herrera, following NRS 41.0337(1)'s directive, named the "State of Nevada *ex rel.* Nevada Department of Corrections" in her suit.

But the State of Nevada and any affiliated arm of the state cannot be sued in federal court because "the Constitution does not provide for federal jurisdiction over suits" by private individuals against non-consenting states, and Nevada has not consented to suit in federal court.[40] So Herrera can't bring her claims against the State of Nevada in federal court. The Ninth Circuit has held that a federal court may not exercise supplemental jurisdiction over state-law tort claims unless there is federal jurisdiction over all indispensable parties to those claims, which is not the case here.[41] So any state-law claims that Herrera wishes to bring arising out of a state employee's actions in an official capacity must be brought in state court, not federal court. I thus grant the defendants' motion and dismiss Herrera's state-law claims for negligence; gross negligence; professional negligence; neglect of a vulnerable person; and negligent hiring, training, and supervision without prejudice to her ability to refile them in state court.

**E.     The claims against FMWCC, NDOC, Minev, and Daniels are improper.**

The defendants move to dismiss NDOC and FMWCC as parties to this case, arguing that they are state agencies immune from suit under the Eleventh Amendment.[42] They also move to

---

[39] Nev. Rev. Stat. § 41.0337(1).

[40] *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court.").

[41] *See Hirst v. Gertzen*, 676 F.2d 1252, 1265 (9th Cir. 1982) (holding that, under a Montana law that deemed the city and county "an indispensable party in any negligence action brought against an employee," the court had no jurisdiction over the state-law tort claim because it had no jurisdiction over those indispensable parties).

[42] ECF No. 12 at 7.

8

dismiss the claims against Minev and Daniels because Herrera alleges no facts showing that they were personally involved in or had notice of Hererra's medical situation.[43] Hererra does not oppose the dismissal of FMWCC, Minev, or Daniels and voluntarily dismisses them from her suit.[44] "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."[45] The defendants do not claim, and I do not find, any prejudice accompanying FMWCC, Minev, or Daniels's dismissal, so I grant Hererra's request and dismiss all claims against them without prejudice.

Hererra omits NDOC from her request for voluntary dismissal, likely because it was an indispensable party to her state-law tort claims. But as discussed supra, NDOC is an arm of the State of Nevada and is immune from federal suit under the Eleventh Amendment.[46] So I also dismiss the claims against NDOC without prejudice but without leave to amend.

## Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 12] is GRANTED in part**:

- All claims against Defendants FMWCC, Michael Minev, and Charles Daniels are voluntarily dismissed without prejudice.
- The claims against NDOC are dismissed without prejudice.

---

[43] *Id.* at 9.

[44] ECF No. 13 at 5 ("Plaintiff concedes with Defendant's Argument and voluntarily dismisses FMWCC, Minev, and Daniels.").

[45] *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); Fed. R. Civ. P. 41 ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.").

[46] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("The Nevada Department of Prisons, as a state agency, clearly was immune from suit under the Eleventh Amendment.") (citing *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)); *see also Doe v. Lawrence Livermore Nat. Lab*, 131 F.3d 836, 839 (9th Cir. 1997).

- Herrera's Fourteenth Amendment claim is dismissed with prejudice.
- All state-law claims are dismissed without prejudice.

The net result of this order is that **this case proceeds only on Herrera's Eighth Amendment deliberate-indifference-to-medical-needs claim (regarding both the hernia and the pap-smear/cervical cancer issues) against defendants Timothy Calumpong, Betty Omandac, Ella Cordovez, and Gabriela Najera. All other claims and defendants are terminated from this action. The discovery stay [ECF No. 18] is lifted.**

_____
U.S. District Judge Jennifer A. Dorsey
July 17, 2024