AARON D. FORD
  Attorney General
MARAY GARAY (Bar No. 15550)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-3788 (phone)
(702) 486-3768 (fax)
Email: mgaray@ag.nv.gov

*Attorneys for Defendants
Timothy Calumpong, Betty S. Omandac,
Ella Cordovez, and Gabriela Najera*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SANDRA HERRERA,<br><br>          Plaintiff,<br><br>v.<br><br>FLORENCE MCLURE WOMEN'S CORRECTIONAL CENTER FACILITY, DEPARTMENT OF CORRECTION, a Political Subdivision of The State of Nevada, *et.al.,*<br><br>          Defendants. | Case No: 2:23-cv-01397-JAD-BNW<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Plaintiff, Sandra Herrera, and Defendants, Nevada Department of Corrections (NDOC), Florence McClure Women's Correctional Center Facility (FMWCC), Timothy Calumpong, Betty S. Omandac, Ella Cordovez, and Gabriela Najera (collectively "the Parties"), by and through their counsel, anticipate that documents, testimony, or information containing sensitive information are likely to be disclosed or produced during the course of discovery in this Litigation. The Parties to this Stipulated Confidentiality Agreement and Protective Order have agreed to the terms of this Order; accordingly, it is **ORDERED**:

    **1.**    **Scope**. All materials produced or adduced in this litigation, whether by the Parties or from third-parties, shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

///

**2.     Confidential Information.** As used in this Order, "Confidential Information" means information designated as "**CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER**" or "**ATTORNEYS' EYES ONLY**" by the producing party, after the entry of this protective order.

A Producing Party may designate Discovery Material as "**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**" if it contains or reflects confidential, non-public, proprietary, commercially sensitive, private information of an individual or entity, that contains information which could endanger the safety and security of an individual or entity, or that contains information received in confidence from third parties, or which a Producing Party believes in good faith to be entitled to protection under Fed. R. Civ. P. 26(c), or other applicable rules or laws. A Producing Party may designate Discovery Material as "**ATTORNEYS' EYES ONLY**" if it contains or reflects information that the Producing Party claims in good faith constitutes confidential financial information of an individual or an entity, trade secrets, confidential financial or business plans and strategies, information which could endanger the safety and security of an individual or entity, or other highly sensitive personal or proprietary business information that may cause physical, competitive, commercial, or financial injury if disclosed beyond the disclosure allowed in paragraph 4(c) below.

**3.     Designation.**

**(a)**     A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**" or "**ATTORNEYS' EYES ONLY**" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. These markings shall be applied before or at the time the documents are produced or disclosed. Applying the marking "**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**" or "**ATTORNEYS' EYES ONLY**" to a document does not mean that the document has any status or protection by statute or otherwise, except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**" or "**ATTORNEYS' EYES ONLY**" shall also be so marked.

///

**(b)** The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information.

**4. Protection of Confidential Material.**

**(a) General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph 4(b) & 4(c) for any purpose whatsoever other than in this litigation, including any appeal thereof.

**(b) Limited Third-Party Disclosures of Information Marked "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER".** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information marked "**CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER**" to any third person or entity except as set forth below in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Information marked "**CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER**":

(1) **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

(2) **Parties.** Individual parties and employees of a party but only to the extent receiving counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed, except that the Plaintiff may not keep or possess any copies of any documents marked "**CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER**" while he is incarcerated in the custody of the Nevada Department of Corrections;

(3) **The Court and its personnel;**

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(5) **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

///

**(7)** **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

**(8)** **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

**(9)** **Others by Consent.** Other persons only by written consent of the producing party, person, or entity or upon order of the Court and on such conditions as may be agreed or ordered.

**(c)** **Limited Third-Party Disclosures of Highly Confidential Information marked "ATTORNEYS' EYES ONLY".** Highly Confidential information is information which would pose a substantial risk to the safety and security of an individual or entity if disclosed to any individual, including the parties' themselves, and other than this Court, its personnel, and the parties' counsel. Counsel for the parties shall not disclose or permit the disclosure of any Highly Confidential Information marked **"ATTORNEYS' EYES ONLY"** to any person except as set forth below in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review Information marked as **"ATTORNEYS' EYES ONLY"**:

**(1)** **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

**(2)** **The Court and its personnel (under seal);**

**(3)** **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(4)** **Consultants and Experts.** Upon stipulation by the parties to this Agreement, non-party experts or consultants who have executed an acknowledgment and agreement to abide by this Order, including their secretarial and clerical personnel retained to assist counsel of record in this case;

**(5)** **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(d)** **Access by Other Persons.** The information produced in response to this Protective Order shall not be used for any litigation other than the matter in which it is produced. Its confidentiality

shall be maintained in a manner such that Plaintiff and/or any other attorney cannot use it in any of Plaintiff's current or future litigation, it can only be used in connection with Nevada Federal District Court Case No. 2:21-cv-00074-RFB-MDC. It shall not be shared with any other counsel than the parties to the Stipulation and Protective Order.

**(e)** **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**5.** **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

**(a) Unauthorized Disclosure.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A).

**(b) Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR IA 10-5.

///

      **(c)    No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from disclosure on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

      **(d)    Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

          **i. Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

          **ii.    Judicial Intervention.** If a dispute regarding the propriety of a confidentiality designation were to arise, the party asserting the confidentiality designation may file and serve a motion to enforce the confidentiality designation, identifying the challenged material and setting forth in detail the basis for the confidentiality and need for protection. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order**.**

      **(e)    Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in this litigation.

///

///

**(f)    Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

6.    **Produced in Other Litigation.**

**(a)**    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**(b)**    The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

**(c)**    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control, Confidential Information produced by the other party to this case or a third-party.

7.    **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**8. Obligations on Conclusion of Litigation.**

  **(a)**  **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

  **(b)**  **Obligations at Conclusion of Litigation.** Within 63 days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**" or "**ATTORNEYS' EYES ONLY**" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

  **(c)**  **Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

  **(d)**  **Deletion of Documents Filed Under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

  **9.**  **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

///

///

///

///

**10.** **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

| | |
|---|---|
| DATED this 17th day of March, 2025 and respectfully submitted by: | DATED this 17th day of March, 2025 and approved as to form and content by: |
| AARON D. FORD<br>Attorney General | |
| /s/ Mayra Garay<br>MAYRA GARAY (Bar No. 15550)<br>Deputy Attorney General<br>555 E. Washington Avenue, Suite 3900<br>Las Vegas, NV 89101<br>*Attorneys for Defendants* | /s/ James D. Urrutia<br>JAMES D. URRUTIA, ESQ.<br>Nevada Bar No. 12885<br>LJU LAW FIRM<br>7575 Vegas Dr., Suite 100<br>Las Vegas, Nevada 89128<br>*Attorney for Plaintiff* |

**IT IS SO ORDERED.**

_____
U.S. MAGISTRATE JUDGE

DATED: 3/26/2025

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on March 25, 2025, I electronically filed the foregoing **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically.

JAMES D. URRUTIA, ESQ.
Nevada Bar No. 12885
LJU LAW FIRM
7575 Vegas Dr., Suite 100
Las Vegas, Nevada 89128
(702) 707-9433 Telephone
Email: james@thelju.com
*Attorney for Plaintiff*

/s/ Andrea Beckett
ANDREA BECKETT, Employee of the Office of the Nevada Attorney General